## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MISSOURI
## EASTERN DIVISION

DAVID C. JEFFERSON,                          )
                                             )
                Plaintiff,                   )
                                             )
        v.                                   )        No. 4:19-cv-02487-JMB
                                             )
LYDA KREWSON, et al.,                        )
                                             )
                                             )
                Defendants.                  )

## MEMORANDUM AND ORDER

This matter comes before the Court on its own motion. On January 14, 2020, the Court directed plaintiff David C. Jefferson to file an amended complaint within thirty days. (Docket No. 6). Plaintiff has failed to comply. Therefore, for the reasons discussed below, this action will be dismissed without prejudice. *See* Fed. R. Civ. P. 41(b).

### Background

Plaintiff is a pro se litigant who filed this civil action against defendants Lyda Krewson and Alana C. Green on September 4, 2019. (Docket No. 1). He purported to bring this case pursuant to the Americans With Disabilities Act (ADA). (Docket No. 1 at 3).

In his complaint, plaintiff stated that on August 23, 2019, "the St. Louis Housing Authority did not perform an occupancy inspection on…an apartment in which [he is] already being billed, and owe, Ameren Missouri." (Docket No 1 at 5). He further stated that the Cahill Apartments, a St. Louis Housing Authority property, required him to go on a waitlist, undergo a credit check, and undergo a criminal record check "before being considered for actual housing." Plaintiff noted that he has a "Veterans Affairs Housing Choice Section 8" voucher and that he is homeless. He also stated that he is an "unemployed, disabled veteran." Plaintiff sought $74,999 in damages.

The Court reviewed plaintiff's complaint pursuant to 28 U.S.C. § 1915 and found that it was subject to dismissal for failure to state a claim. In particular, with regard to the ADA, plaintiff had not alleged facts showing that he was discriminated against on the basis of his disability.

On January 14, 2020, the Court ordered plaintiff to file an amended complaint. (Docket No. 6). He was given thirty days in which to respond.

### Discussion

As discussed above, on January 14, 2020, the Court ordered plaintiff to file an amended complaint within thirty days. The order contained instructions for plaintiff to follow in completing his amended complaint. The Court also directed the Clerk of Court to mail to plaintiff a copy of the Court's civil rights complaint form to aid his compliance. Plaintiff was advised that his failure to comply would result in the dismissal of his case without prejudice and without further notice.

More than thirty days have elapsed, and plaintiff has not submitted an amended complaint. Furthermore, he has not filed a motion with the Court seeking an extension of time in which to comply. Under Rule 41(b), an action may be dismissed for failure to comply with a court order. *See* Fed. R. Civ. P. 41(b). *See also Brown v. Frey*, 806 F.2d 801, 803 (8th Cir. 1986) (stating that district court may dismiss a pro se litigant's action for failure to comply with a court order on its own initiative). Because plaintiff has not complied with the Court's order of January 14, 2020, or filed any type of motion seeking an extension of time in which to comply, the Court will dismiss this action without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to comply with the Court's order of January 14, 2020. *See* Fed. R. Civ. P. 41(b). A separate order of dismissal will be entered herewith.

**IT IS FURTHER ORDERED** that an appeal from this dismissal would not be taken in good faith.

Dated this 2nd day of March, 2020.

/s/ Jean C. Hamilton
JEAN C. HAMILTON
UNITED STATES DISTRICT JUDGE